

201 E. FOURTH STREET
ROYAL OAK, MICHIGAN 48067

PHONE: 248.543.9000
FAX: 248.543.9050

FREE ON-LINE CHAT AND CASE REVIEW AT:
WWW.RASORLAWFIRM.COM

WE FIGHT AND WIN!

JAMES B. RASOR
ANDREW J. LAURILA
BRANDON T. WOLFE
ATTORNEYS & COUNSELORS

DEAN D. ELLIOTT
ELAINE M. NIFOROS
JEFFREY T. MCCARTY
MICHAEL T. RATTON
OF COUNSEL

MICHAEL W. LAURILA
LAW CLERK

AMANDA G. WASHBURN
FIRM MANAGER

DENISE L. ROSE
LENORE C. DONNELLY
STEPHANIE R. MOORE
CALLIE A. PEDERSEN
PARALEGALS

PATTI J. VIALPANDO
LEGAL ASSISTANT

ALEXIS A. HEARD
ADMINISTRATIVE ASSISTANT

March 25, 2019

A123 Systems, LLC
39000 Seven Mile Road
Livonia, MI 48152

RE: Anthony Johns v A123 Systems, LLC

To Whom it May Concern:

Please be advised that you are being served with the enclosed summons and complaint. Your response is due 28 days after service.

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.

Very truly yours,

*Andrew Laurila*
Andrew Laurila

/srm
Enclosures

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>19-004181-CD<br>Hon. John H. Gillis, Jr. |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                                    Court telephone no.: 313-224-5243

| Plaintiff's name(s), address(es), and telephone no(s)<br>Johns, Anthony | v | Defendant's name(s), address(es), and telephone no(s).<br>A123 SYSTEMS, LLC, a foreign corporation |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Andrew John Laurila 78880<br>201 E 4th St<br>Royal Oak, MI 48067-2606 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☒ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.                    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>3/25/2019 | Expiration date*<br>6/24/2019 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)         SUMMONS                                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



**SUMMONS**
Case No.: **19-004181-CD**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

on _____
Day, date, time

on behalf of _____

Signature

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ANTHONY JOHNS,

    Plaintiff,

-vs-

A123 SYSTEMS, LLC, a foreign corporation,

    Defendant.

Case No.: 19-    -CD
Hon.: _____

---

JAMES B. RASOR (P43476)
ANDREW J. LAURILA (P78880)
Attorneys for Plaintiff
**RASOR LAW FIRM, PLLC**
201 E. Fourth Street
Royal Oak, Michigan 48067-3846
PH:  (248) 543-9000
FAX: (248) 543-9050
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com

---

### COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

                    /s/ James B. Rasor
                    *James B. Rasor (P43476)*

**NOW COMES** Plaintiff, ANTHONY JOHNS, by and through his attorneys, the RASOR LAW FIRM, PLLC, and for his Complaint against the above-named Defendant, hereby states as follows:

1

## COMMON AND JURISDICTIONAL ALLEGATIONS

1. This is an employment discrimination action for money damages brought pursuant to the statutes and common law of the State of Michigan against Defendant, A123 Systems, LLC, a foreign corporation (herein "A123 Systems").

2. Plaintiff, Anthony Johns, is a resident of the Township of Dearborn, County of Wayne, State of Michigan.

3. Plaintiff is an African-American male.

4. Defendant A123 Systems, LLC is a Delaware corporation headquartered in Livonia, Michigan that operates facilities in Livonia and Romulus, Michigan as well as in Massachusetts, China, Germany and the Czech Republic.

5. At all times material and relevant hereto, Defendant A123 Systems was Plaintiff's employer.

6. The amount in controversy in this action exceeds Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs and attorney's fees, and this case is otherwise properly within the jurisdiction of Wayne County Circuit Court.

## COMMON FACTUAL ALLEGATIONS

7. Defendant A123 Systems, LLC develops and manufacturers lithium batteries and energy storage systems, primarily for use in the automotive industry.

8. Plaintiff began working full-time for Defendant A123 Systems on February 6, 2018 as a Maintenance Technician at Defendant's Livonia plant making approximately $13.50 per hour.

9. During most of 2018, Plaintiff was supervised by Richard Shosey.

10. On or about April of 2018, Plaintiff was promoted to Preventative Maintenance Technician making approximately $20 per hour.

11. Sometime on or about June or July of 2018, Defendant's Production Team Leader, Steven Thompson, who has worked for Defendant at its Livonia facility for approximately five years, called Plaintiff a "piece of shit nigger" and "stupid nigger."

12. On or about October of 2018, Plaintiff was given another raise to $24.50 per hour.

13. At all times during his employment, Plaintiff was an excellent employee and was not subject to any discipline or corrective action.

14. On or about January of 2019, Plaintiff was transferred from night shift to day shift.

15. While on day shift, Plaintiff worked with and/or in close proximity to Defendant's Production Team Leader, Steven Thompson.

16. On or about February 4, 2019 at the start of morning shift, Plaintiff was looking for a control engineer, Don Drier, to let him know that a machine had broken down.

17. Plaintiff exited the dry room and saw Steven Thompson sitting at a desk in the gowning room where employees change and asked him if he had seen Don Drier anywhere.

18. Steven Thompson snapped at Plaintiff, telling him no he had not seen Don Drier and after a brief exchange about another employee, Estevan, Steven Thompson proceeded to call Plaintiff a "piece of shit nigger" and used the word "nigger" in reference to Plaintiff another approximately 10 to 15 times during the same conversation.

19. During his approximately five years of employment with Defendant, Steven Thompson used racial slurs directed at other employees, including calling

3

Hispanic employees "wetback" and "spick" as well as calling African-American employees "nigger" on multiple occasions prior to February 4, 2019.

20. Upon information and belief, Defendant A123 Systems was aware that Steven Thompson had used racial slurs directed at other employees prior to the February 4, 2019 comments directed at Plaintiff described herein.

21. Immediately after being subjected to racial slurs by Steven Thompson on February 4, 2019, Plaintiff reported Steven Thompson's conduct to Heather Licari in Defendant's Human Resources department.

22. Upon receiving Plaintiff's complaint, Heather Licari instructed Plaintiff to speak to Defendant's HR Director, Jim Beoning, about this incident.

23. Plaintiff verbally reported Steven Thompson's conduct to Jim Beoning and then approximately one hour later, Plaintiff was asked to come back to the HR office to make a written statement, which he did.

24. After delivering his written statement, Jim Beoning told Plaintiff that he was "sorry," and Plaintiff returned to work.

25. Plaintiff worked the remainder of the day on February 4, 2019 (a Monday) as well as the following day, Tuesday, February 5, 2019, all without incident.

26. On Wednesday, February 7, 2019, Defendant's production supervisor, Matt Goulden, approached Plaintiff while he was working and asked Plaintiff to step out into the gowning room.

27. When Plaintiff entered the gowning room, he was told by another employee in Defendant's HR department, Jon Gamache, who informed Plaintiff that Defendant was terminating Plaintiff's employment effective immediately (February 6,

4

2019), a mere two days after Plaintiff reported Steven Thompson's use of racial slurs to Defendant's HR department.

28. Defendant's HR department employee, John Gamosh, told Plaintiff that he was being fired because of the February 4, 2019 incident with Steven Thompson, and requested Plaintiff turn in his employee badge and had Plaintiff escorted him off the premises.

29. Upon information and belief, Plaintiff was going to be promoted in March of 2019 to night-shift Maintenance Team Leader making $28 per hour.

## COUNT I – RACIAL DISCRIMINATION
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT,
## MCL § 37.2101 *et seq.*,

30. Plaintiff hereby reasserts and re-alleges each and every allegation contained in paragraphs 1 through 29, as if fully set forth herein.

31. The Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.* prohibits discrimination against any individual with respect to employment, compensation, or a term, condition, or privilege of employment because of race.

32. At all times material and relevant, Plaintiff was an employee and Defendant A123 Systems was Plaintiff's employer, covered by and within the meaning of the Elliot Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

33. Plaintiff is African-American, in the minority at Defendant A123 Systems, and is a member of a protected class under the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

34. As an employer within the meaning of the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*, Defendant A123 Systems owed Plaintiff a duty not to

5

discriminate against him with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of his race.

35. Because of his race, Plaintiff was continuously subjected to treatment during his tenure at Defendant A123 Systems that was disparate from that accorded to non-racial-minority co-workers of Defendant and at the facility to which Plaintiff was assigned, who have been treated more favorably than he.

36. The disparate and less favorable treatment to which Plaintiff had been subjected during the time that he was employed by Defendant A123 Systems included adverse employment actions on the basis of Plaintiff's race, among other protected characteristics, or Plaintiff has otherwise been discriminated against with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of his race.

37. The disparate and less favorable treatment to which Plaintiff was subjected during the time that he has been employed by Defendant A123 Systems came both from management and supervisory personnel.

38. Defendant A123 Systems has a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against non-white employees, or that tolerates the disparate and less favorable treatment of non-white employees by said management and supervisory personnel.

39. Defendant A123 Systems has a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate and less favorable treatment of racial minority employees by non-racial minority employees and/or supervisory personnel.

6

40. Defendant's supervisory employees have either directly discriminated against Plaintiff or have tolerated and looked the other-way to disparate and less favorable treatment of Plaintiff by his non-racial minority co-worker and/or supervisory personnel.

41. The disparate treatment to which Plaintiff was subjected to during his career at Defendant A123 Systems has been so substantially disparate and less favorable than the treatment of non-racial-minority employees that it raises an inference of disparate treatment discrimination.

42. The disparate treatment to which Plaintiff was subjected to during his time at Defendant A123 Systems has been so substantially disparate and less favorable than the treatment received by his non-racial minority co-workers that it unreasonably interfered with Plaintiff's work performance.

43. There is no legitimate business reason justifying the disparate treatment to which Plaintiff was subjected during his career at Defendant A123 Systems.

44. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $25,000.00, together with costs, interest, and attorney fees so wrongfully incurred, as the Court deems just.

## COUNT II – HOSTILE WORK ENVIRONMENT VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL § 37.2101 *et seq.*

45. Plaintiff hereby reasserts and re-alleges each and every allegation contained in paragraphs 1 through 44, as if fully set forth herein.

46. The Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.* prohibits discrimination against any individual with respect to employment, compensation, or a term, condition, or privilege of employment because of race.

47. At all material times, Plaintiff is and has been an employee of Defendant A123 Systems, covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*

48. Plaintiff is African-American and therefore is a member of a protected class under the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

49. As an employer within the meaning of the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*, Defendant A123 Systems owed Plaintiff a duty not to discriminate against him with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of race.

50. Defendant A123 Systems by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

51. While employed by Defendant, Plaintiff was subjected to racially discriminatory comments and race-based harassment by Steven Thompson and by and through Defendant A123 Systems' agents, servants and/or employees, and said acts being made unlawful by the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

8

52. The disparate and less favorable treatment to which Plaintiff was subjected to during his time at Defendant A123 Systems came from management and supervisory personnel.

53. Defendant subjected Plaintiff to disparate treatment in whole or in part because of his race, and such treatment was sufficiently severe and pervasive such that Plaintiff was subjected to a hostile work environment on the basis of Plaintiff's race.

54. Defendant A123 Systems has a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against racial minorities, or that tolerates the disparate and less favorable treatment of the same employees by said management and supervisory personnel.

55. Defendant A123 Systems has a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate and less favorable treatment of racial minorities by non-racial-minority employees and/or supervisory personnel.

56. Defendant's employee, Steven Thompson, directly discriminated against Plaintiff because of Plaintiff's race.

57. Steven Thompson harassed Plaintiff in regards to his race by making racist public statements using a racial epithet directed towards Plaintiff.

58. Steven Thompson used racial epithets towards other minority employees similarly situated to Plaintiff.

59. Defendant A123 Systems was or should have been aware that Steven Thompson used racial slurs directed at other minority employees

60. Steven Thompson did not make any racist comments to similarly situated non-minority employees.

9

61. Defendant A123 Systems had no legitimate business reason for its actions, in violation of the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*, which specifically prohibits discrimination against any person regarding employment and/or the terms of employment on the basis of race.

62. Defendant A123 Systems and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

63. As a direct and proximate result of Defendants' unlawful actions and retaliations against Plaintiff as described herein, which constitute a hostile work environment, Plaintiff has suffered injuries and damages, including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants in an amount in excess of $25,000.00, together with interest, costs, and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

### COUNT III – RETALIATION
### VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et seq.*

64. Plaintiff hereby restates and re-alleges the allegations contained in paragraphs 1 through 63 above, as though fully set forth herein.

65. The Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.* prohibits retaliation against any individual because that person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in any investigation ... under this act.

66. At all material times, Plaintiff was an employee of Defendant A123 Systems, covered by and within the meaning of the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

67. As an employer within the meaning of the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*, Defendant A123 Systems owed Plaintiff a duty not to retaliate against Plaintiff with respect to his employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of reporting racial harassment and discrimination.

68. Complaining about, reporting, and/or opposing race discrimination or racially discriminatory policies or patterns of practice is a statutorily protected activity under the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

69. Plaintiff engaged in conduct protected under the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*, including, but not limited to, complaining of, reporting, and/or opposing the discriminatory conduct of the agents, servants, and/or employees of Defendant A123 Systems, including reporting Steven Thompson's ruse of racial slurs to multiple individuals in Defendant's Human Resources department.

70. Defendant A123 Systems had knowledge of Plaintiff's protected activities as set forth in the preceding paragraph.

71. Defendant A123 Systems, by and through its agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, denying Plaintiff conditions, terms, opportunities, and privileges provided to other employees of Defendant and terminating Plaintiff's employment.

72. Plaintiff was subjected to harassment and other retaliatory acts including termination of his employment by Defendant A123 Systems and its agents, servants

11

and/or employees in retaliation for his opposition to civil rights violations and having complained about the discriminatory acts described herein, in violation of the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*

73. Defendant A123 Systems and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

74. As a direct and proximate result of Defendants' unlawful actions and retaliations against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants in an amount in excess of $25,000.00, together with interest, costs, and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

Respectfully submitted,

**RASOR LAW FIRM, PLLC**

/s/ *James B. Rasor*
JAMES B. RASOR (P43476)
ANDREW J. LAURILA (P78880)
Attorneys for *Plaintiff*
**RASOR LAW FIRM, PLLC**
201 East Fourth Street
Royal Oak, Michigan 48067
PH:   (248) 543-9000
FAX:  (248) 543-9050
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com

Dated: March 25, 2019

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ANTHONY JOHNS,

    Plaintiff,

-vs-

A123 SYSTEMS, LLC, a foreign corporation,

    Defendants.

Case No.: 19-    -CD
Hon.: _____

---

JAMES B. RASOR (P43476)
ANDREW J. LAURILA (P78880)
Attorneys for *Plaintiff*
**RASOR LAW FIRM, PLLC**
201 E. Fourth Street
Royal Oak, Michigan 48067-3846
PH:  (248) 543-9000
FAX:  (248) 543-9050
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com

---

## REQUEST FOR JURY TRIAL

Plaintiff, ANTHONY JOHNS, by and through his attorneys, RASOR LAW FIRM, PLLC, hereby request a trial by jury in the above-captioned matter.

    Respectfully submitted,

    **RASOR LAW FIRM, PLLC**

    */s/ James B. Rasor*
    JAMES B. RASOR (P43476)
    ANDREW J. LAURILA (P78880)
    Attorneys for *Plaintiff*
    **RASOR LAW FIRM, PLLC**
    201 E. Fourth Street
    Royal Oak, MI 48067
    (248) 543-9000 / fax: (248) 543-9050
    jbr@rasorlawfirm.com
Dated: March 25, 2019    ajl@rasorlawfirm.com